**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone, ) | No. CIV 04-2548-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's September 29, 2005 Motion for Preliminary Injunction (Doc. #11). Plaintiff is presently confined in the Arizona State Prison Complex-Winslow ("ASPC-Winslow").

**Background**

Plaintiff filed the original Complaint in this case on November 12, 2004 alleging four grounds for relief: 1) Plaintiff's First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights were violated when Defendants Schriro and Carlin ordered Plaintiff placed in a maximum security facility in retaliation for Plaintiff filing grievances; 2) Plaintiff's safety was threatened in violation of the Eighth Amendment when Defendant Carlin forced him to house with another inmate who had assaulted Plaintiff in the past; 3) Plaintiff's safety was threatened in violation of the Eighth Amendment when Defendant Kline forced Plaintiff to house in a six foot square shower without bedding for three days; and 4) Plaintiff's Eighth

1  Amendment rights were violated when he was forced to perform manual labor despite back
2  and shoulder injuries, and was denied medical treatment.
3       After completing screening of Plaintiff's claims, the Court dismissed Count IV of the
4  Complaint and ordered Defendants Schriro, Kline and Carlin to answer Counts I through III.
5  **Motion for Preliminary Injunction**
6       In his Motion for Preliminary Injunction, Plaintiff alleges that he is being held in a
7  maximum security, level 4 yard despite the fact that he is classified as a level 3 inmate.
8  Plaintiff alleges that the level 4 yard is populated by more dangerous inmates and the
9  Plaintiff's physical safety is in imminent peril by being housed with higher security inmates.
10 Plaintiff asks that the Court issue an injunction requiring the Arizona Department of
11 Corrections ("ADOC") to transfer Plaintiff to a level 3 unit.
12      The purpose of a preliminary injunction is to preserve the *status quo* among the parties
13 pending the outcome of the action. Regents of the University of California v. A.B.C., Inc.,
14 747 F.2d 511, 515 (9th Cir. 1974). A request for injunctive relief requires that a plaintiff
15 make a showing of "real or immediate threat" of injury. Hodger-Durgin v. De La Vina 199
16 F.3d 1037, 1042 (9th Cir. 1999) (quoting O'Shea v. Littleton, 414 U.S. 488, 494).
17      Plaintiff is entitled to preliminary injunctive relief only if he shows either: "'(1) a
18 likelihood of success on the merits and the possibility of irreparable injury; or (2) the
19 existence of serious questions going to the merits and the balance of hardships tipping in [the
20 movant's] favor.'" MAI Sys. Corp. v. Peak Computers, Inc., 991 F.2d 511, 516-517 (9th Cir.
21 1993) (quoting Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990)). "'These two
22 formulations represent two points on a sliding scale in which the required degree of
23 irreparable harm increases as the probability of success decreases.'" Id. (quoting
24 Diamontiney, 918 F.2d at 795). Under either formulation of the test, the movant must
25 demonstrate a significant threat of irreparable injury. AGCC v. Coalition for Economic
26 Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).
27      In this case, Plaintiff has not alleged facts sufficient to demonstrate a real or
28 immediate threat of injury. Plaintiff's claims with respect to threats to his safety are as

- 2 -

1 follows: 1) the higher custody unit is more aggressive and violent (Memorandum in Support
2 of Motion for Preliminary Injunction at 2); 2) Plaintiff was attacked while housed in a level
3 3 unit at another facility (Id. at 3);  3) Plaintiff has requested protective segregation on seven
4 separate occasions and has been denied each time (Id.); and 4) Plaintiff has witnessed several
5 assaults on other inmates while housed in the level 4 unit (Reply to Defendants' Response
6 to Motion for Preliminary Injunction at 6).

7 Plaintiff has not identified a specific threat to his personal safety which has occurred
8 after his transfer to the level 4 unit.  Plaintiff claims only that the level 4 unit houses inmates
9 with higher security scores and therefore is generally more dangerous than the level 3 unit.
10 Because Plaintiff has not alleged that he has experienced a personal, immediate threat to his
11 physical safety, he has not demonstrated the necessity for the Court to enter a preliminary
12 injunction at this time.  Moreover, the Court notes that Plaintiff's own statements that he was
13 attacked while housed in a level 3 unit at another facility, and the absence of any such attacks
14 or threats upon transfer to the level 4 unit, undermine even his general claim that the level
15 4 unit is more dangerous than a level 3 unit.

16 The Court also notes that Defendants' Response to Plaintiff's Motion demonstrates
17 considerable consideration on the part of the Arizona Department of Corrections ("ADOC")
18 for Plaintiff's safety.  Defendants present evidence showing that in response to Plaintiff's
19 requests for protective segregation, ADOC officials determined that Plaintiff's safety
20 concerns could be resolved by transferring Plaintiff to another facility where he had no "do
21 not house with issues."  (Exhibit A to State's Response at 4.).  Defendants' evidence also
22 shows that upon transfer to ASPC-Winslow, from ASPC-Yuma (where Plaintiff alleges he
23 was attacked in a level 3 unit), Plaintiff was placed in a level 4 unit because there were no
24 level 3 units which did not already house inmates with whom Plaintiff had "do not house
25 with" issues or from which he had been moved to an alternate placement within the last two
26 years.  (Id. at 5).  Also of note is Defendants' assertion that had an appropriate level 3 yard
27 been available, Plaintiff would have been placed in such a yard and that the higher custody
28

- 3 -

1 level yards tends to provide enhanced security because inmate movement is more restricted.
2 (Id.)
3      Because Plaintiff has failed to demonstrate specific, immediate threat to his safety, the
4 Court will deny Plaintiff's Motion for Preliminary Injunction.
5      **IT IS THEREFORE ORDERED** that Plaintiff's September 29, 2005 Motion for
6 Preliminary Injunction (Doc. #11) is DENIED.
7      DATED this 27th day of March, 2006.

_____
Mary H. Murguia
United States District Judge

- 4 -