**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>　　　　　Defendants. | No.  CIV 04-2548-PHX-MHM (DKD)<br><br>**ORDER** |

The complaint was filed November 12, 2004 (Doc. #1) and a Screening Order was filed August 26, 2005, directing that Defendants Schriro, Klein[1] and Carlin file an Answer to the Complaint (Doc. #8). An Answer was filed December 28, 2005 (Doc. #36) with Defendants stating that a clerical error had occurred and that the Answer was earlier filed on November 28, 2005 in this case under a difference case number (CIV 05-3736-PHX-MHM). An Amended Complaint (Doc. #9) was filed September 9, 2005.

Pending before the Court are the following:

　　1. Plaintiff's Motion to Compel Location (Doc. #23);

　　2. Plaintiff's Motion to Appoint Counsel (Doc. #24);

　　3. Plaintiff's Motion to Amend/Correct Error (Doc. #27);

　　4. Defendants' Motion to Stay Discovery (Doc. #40); and

---

[1] Previously referred as 'Kline.'

5. Defendants' Motion to Strike Plaintiff's Objections to Defendants' Reply (Doc. #60).

**A. Motion to Compel Location.**

In his Motion to Compel Location, Plaintiff requests not only the address for Officer Klein but also the inmate number for inmate Reggis/Reggie Williams not only in Arizona but also in Ohio. On December 14, 2005, Defendants waived service for Defendant Klein. Therefore, Plaintiff's request will be denied as moot. With regarding to obtaining inmate Williams' inmate number, Defendants have indicated that they have performed due diligence in trying to locate the requested information to no avail. Moreover, pursuant to Arizona Department of Corrections Department Order 909.01, Plaintiff is not authorized to have this information.

**B. Motion to Appoint Counsel.**

Plaintiff requests that the court appoint counsel because he lacks legal training, cannot afford counsel, and because the issues in this matter are complex.

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's numerous filings with the Court as well as the pending motion, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present

1 exceptional circumstances requiring the appointment of counsel.  Accordingly, Plaintiff's
2 motion will be denied.

3 **C.  Motion to Amend/Correct Error.**

4 In his motion to correct error, Plaintiff states that he inadvertently excluded some
5 information from his reply to his Motion for Preliminary Injunction.  Plaintiff's Motion for
6 Preliminary Injunction was denied on March 31, 2006 (Doc. #53).  Therefore, Plaintiff's
7 motion will be denied as moot.

8 **D.  Motion to Stay Discovery.**

9 Defendants have filed a motion to stay discovery pending ruling on their Motion to
10 Dismiss.  A scheduling order has not been filed regarding this matter.  Upon the Court's
11 ruling on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for
12 Partial Dismissal, a separate order will issue regarding discovery deadlines.  Accordingly,
13 Defendants' request to stay discovery will be denied as premature.

14 **E.  Motion to Strike Plaintiff's Objections to Defendants' Reply.**

15 Plaintiff filed an Objection to Defendants' Reply (#59); Defendants requested that the
16 Court strike the objections, or in the alternative they seek leave to file a response to Plaintiff's
17 objections because he states new arguments.  The Court will deny Defendants' Motion to
18 Strike and grant Defendants leave to file a response.

19 **IT IS HEREBY ORDERED** denying Plaintiff's Motion to Compel Location of
20 Officer Klein's address (Doc. #23-1), as moot.  **IT IS FURTHER ORDERED** denying
21 Plaintiff's request to obtain the inmate number of Inmate Williams (Doc. #23-2).

22 **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Appoint Counsel (Doc.
23 #24), without prejudice.

24 **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend/Correct Error
25 (Doc. #27), as moot.

26 **IT IS FURTHER ORDERED** denying Defendants' Motion to Stay Discovery (Doc.
27 #40), as premature.

28

- 3 -

**IT IS FURTHER ORDERED** denying Defendants' Motion to Strike Plaintiff's Objections to Defendants' Reply (Doc. #60). Defendants shall have up to and including May 25, 2006 to respond to Plaintiff's new issues raised in his sur-reply.

DATED this 9th day of May, 2006.

_____
David K. Duncan
United States Magistrate Judge