**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Joseph A. Trenton,<br><br>        Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Defendants. | No. CIV 04-2548-PHX-MHM (DKD)<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion for the Appointment of Legal Counsel or in the Alternative for an Order to Retain Typewriter (Doc. #140). Plaintiff requests that the court appoint counsel due to his medical issues. Plaintiff's first request to have counsel appointment was denied May 10, 2006 (Doc. #66). Plaintiff has again failed to demonstrated a likelihood of success on the merits, and has not shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved or because of his medical issues. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel. Accordingly, Plaintiff's request for the appointment of counsel will be denied.

    Plaintiff further asserts in his motion that due to his medical issues, he should be allowed to retain the use of his typewriter (Doc. #140 at 2). Per ADOC Department Order 909, Implementation, Compliance Schedule, promulgated on October 11, 1999, prisoners incarcerated as of that date were given three years to bring their property into compliance with the new policy.

> Inmates who are in custody prior to October 11, 1999, shall purchase or obtain property in compliance with the Department Order on its effective date. All inmate property obtained prior to the effective date of this Department Order shall be in compliance by October 11, 2002.

The policy allows inmates to send noncomplying items of personal property to persons outside the institution at the inmate's expense, to donate non-complying property to charity or the ADOC, or to direct that the items be destroyed. *See* D.O. 909.05 §§ 1.14.1, 1.14.2; D.O. 909.09 §§ 1.3, 1.4. It is not clear from the face of the policy exactly what disposition will be made of the non-complying property which has not been disposed of by the effective date of the Department Order. However, interpreting A.R.S. § 31-228(A), the Arizona Court of Appeals has found that ADOC is required to store and maintain pending the inmate's release any property items disallowed for immediate possession which were previously authorized. *State v. Blum*, 171 Ariz. 201, 829 P.2d 1247 (App. 1992); A.R.S. § 31-228(A).

"While an inmate's ownership of property is a protected property interest that may not be infringed upon without due process, there is a difference between the right to own property and the right to possess property while in prison." *Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th Cir. 2002) (quoting *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002)). When property policies are revised to reduce the amount of property an inmate may have in his cell, and he is "allowed to send the property he could not possess in prison to a place of his choosing," the inmate is not "deprived of the property." *Hatten*, 275 F.3d at 1210; *see also*, *Searcy*, 299 F.3d at 1229 (where prison officials allow an inmate to dictate the disposition of property and the inmate refuses, due process is not violated if officials remove property from prisoner's cell and send it to inmate's relatives, even against the inmate's wishes).

Although Plaintiff does not expressly allege that the policy violates a constitutional right, he is presumably trying to allege a due process violation. However, while Plaintiff may be denied the immediate possession of non-compliant property, he cannot be divested of ownership because state law mandates that such property must be stored and maintained pending his release. Consequently, no deprivation has occurred, no protected property right has been

implicated, and therefore, no process is due. Therefore, Plaintiff is unlikely to succeed on the merits of his claim and therefore his request to retain his typewriter will be denied.

Plaintiff also requests that the court issue an order directing the ADOC Director Schriro place him in permanent Protective Segregation that is commensurate with his custody level of minimum security. An inmate does not have a constitutionally protected right to be held in a specific security classification nor a constitutional right to placement in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Thus, the Court is not inclined to order the ADOC to place a prisoner in a particular location and will not provide specific orders as to placement and the type of privileges ADOC is to provide an inmate. ADOC must make these determinations based on the security and safety of the facility and the Court is not currently in a position to make that determination. Accordingly, Plaintiff's request for an order to be placed in protective segregation will be denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of Legal Counsel (Doc. #140) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for an Order to Retain Typewriter (Doc. #140).

**IT IS FURTHER ORDERED** denying Plaintiff's request for an Order from the Court directing that the ADOC place him in protective segregation.

DATED this 29th day of August, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 3 -