**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH A. TRENTON, </br></br>Plaintiff, </br></br>vs. </br></br>ARIZONA DEPARTMENT OF CORRECTIONS, et al., </br></br>Defendants. | Case No. CV 04-2548-PHX-MHM </br></br></br>**ORDER** |

     Pending before the Court are Plaintiff Joseph Trenton's Motion for Appointment of Legal Counsel (Dkt. #190) and "Motion to Reconsider the Court's Denial of Plaintiff's Oral Motion to Reopen Discovery" (Dkt. #193). After reviewing the pleadings, the Court issues the following order.

**I.    MOTION FOR APPOINTMENT OF COUNSEL**

     Plaintiff moves the Court to appoint Plaintiff counsel pursuant to 28 U.S.C. § 1915(e)(1). (Dkt. #190). In support, Plaintiff states that appointment of counsel is warranted because (1) "the case is complicated," (2) "the case requires investigation and cross-examination," (3) "there will be expert testimony," and (4) he "is unable to afford to hire an attorney." (Id., p.1). Plaintiff also informs the Court that he wrote to six attorneys to seek assistance, and of those six, only three responded; and they declined to accept his case. (Id.).

"There is no constitutional right to appointed counsel . . . ." Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). Nevertheless, "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). That discretion, however, is limited: "counsel may be designated under section 1915(d) only in 'exceptional circumstances.'" Id. (citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963)). To that end, "[a] finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, despite Plaintiff's contention to the contrary (Dkt. #198), Plaintiff has not demonstrated an inability to articulate his claims in light of the complexity of the legal issues. Plaintiff's numerous motions and citations to case law in this case clearly demonstrate that Plaintiff is capable of competently presenting his arguments in light of the two remaining issues for trial: (1) whether Klein was deliberately indifferent to Plaintiff's suffering; and (2) whether Defendant Massey was aware of a substantial risk of harm to Plaintiff posed by the conditions in the shower and whether she disregarded that risk. (Dkt. #181, pp. 24-25). Thus, even if Plaintiff was able to show a likelihood of success on the merits, because Plaintiff is able to articulate his claims pro se, the Court cannot find that exceptional circumstances exist to permit the Court to designate counsel under 28 U.S.C. § 1915(d).[1] The Court must deny Plaintiff's motion for appointment of counsel.

//
//

---

[1] In any event, the Court referred Plaintiff's case to the Court's Pro Bono Referral Program for possible placement of the case with an attorney. However, the matter was unable to be placed.

## II. MOTION FOR RECONSIDERATION

Plaintiff moves the Court to reconsider its denial of Plaintiff's oral motion to reopen discovery at the June 2, 2009 Final Pretrial Conference. (Dkt. #193). Plaintiff requests that the Court permit Plaintiff to determine "if the interrogatories obtained in this case – specifically how judgment for monetary damages will be satisfied – are still valid." (Id., p.1). Specifically, Plaintiff is concerned that the State of Arizona – as a result of the fact that Defendant Klein obtained private counsel and is no longer being represented by the Office of the Attorney General – might "elect by statute to withdraw from paying damages for Defendant Klein," and that Defendant Klein might "pull a Bernard Madoff, and liquidate all his assets." (Id., pp. 5-6).

First, "[a] motion for reconsideration should not to be used to ask a court to rethink what the court ha[s] already thought through – rightly or wrongly." Defenders of Wildlife v. Browner, 909 F.Supp. 1342, 1351 (D. Ariz. 1995) (internal quotation marks and citation omitted). Plaintiff's motion asks the Court to rethink what it has already thought through, i.e., whether the Court should reopen discovery to allow Plaintiff to conduct discovery into whether the State of Arizona will continue to be liable for any judgment awarded against Defendant Klein. (Dkt. #188). Second, Defendant Klein's counsel already represented to the Court at the Final Pretrial Conference, and again in response to Plaintiff's Motion for Reconsideration, that the State of Arizona will continue to be financially responsible for any judgment awarded against Defendant Klein. (Dkt. #204). Thus, Plaintiff's question has already been answered, and his motion for reconsideration is moot.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's motion for appointment counsel. (Dkt. #190).

/ / /

**IT IS FURTHER ORDERED** denying Plaintiff's motion for reconsideration as moot. (Dkt. #193).

DATED this 5th day of August, 2009.

Mary H. Murguia
United States District Judge